UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENE A RINDERKNECHT, As Co-
Trustees of the Rinderknecht
Living Trust and SANDRA KAY
RINDERKNECHT,        As     Co-
Trustees of the Rinderknecht
Living Trust,

          Plaintiffs,

v.                               Case No: 2:15-cv-19-FtM-29MRM

QUICKEN      LOANS,      INC.,
GOVERNMENT NATIONAL MORTGAGE
ASSOCIATION,   and   MORTGAGE
ELECTRONIC       REGISTRATION
SYSTEMS, INC.,

          Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. #35) filed on December 1, 2015.  Plaintiffs filed a Response (Doc. #37) on December 16, 2015, to which Defendants filed a Reply (Doc. #40) on January 5, 2016.  Also before the Court is Defendants' Motion for Sanctions (Doc. #34) filed on November 24, 2015 and Plaintiffs' Response (Doc. #32) filed on November 12, 2015.  For the reasons set forth below, the Motion for Summary Judgment is granted and the Motion for Sanctions is denied.

**I.**

Plaintiffs, who are proceeding *pro se*, have filed an Amended Complaint (Doc. #14) against Defendants Quicken Loans, Inc. (Quicken), the Government National Mortgage Association (Ginnie Mae), and Mortgage Electronic Registration Systems, Inc. (MERS) seeking to quiet title to their home and seeking a declaratory judgment that their mortgage is unenforceable.   The relevant undisputed facts are as follows:

On or about October 19, 2012, Plaintiffs executed a note in favor of Quicken in the amount of $263,907 (the Note).  (Doc. #35, p. 3; Doc. #37, pp. 1-2.)  The Note was secured by a mortgage (the Mortgage), which lists Plaintiffs as mortgagors and the subject property as 15356 Yellow Wood Dr. Alva, FL 33920 (the Property). (Id.)  Plaintiffs are the current owners of the Property.  (Doc. #14, ¶ 8; Doc. #35, p. 3.)   After execution of the Note and Mortgage, the Note was bundled into a mortgage backed security known as the REMIC 2012-121 Trust (the Trust), for which Ginnie Mae serves as trustee.  (Doc. #14, ¶¶ 14-17; Doc. #35, p. 4.)   To effectuate that transaction, Quicken transferred the Note to the Trust.  (Id.)

Plaintiffs contend that Quicken failed to properly record an assignment of the Note to the Trust at the time of securitization. Plaintiffs further contend that Quicken did not transfer the

Mortgage to the Trust along with the Note.[1]  (Doc. #14, ¶¶ 14-20.) According to Plaintiffs, the separation of the Note and Mortgage, along with Quicken's failure to properly assign the Note to the Trust, render the mortgage unenforceable against them.  Based on these allegations, Plaintiffs seek a declaratory judgment that Defendants have no legal interest in the Property and quieting title to the Property in favor of Plaintiffs.  Defendants now move for summary judgment, arguing that even if the Note and Mortgage were separated as Plaintiffs contend, the separation does not render the mortgage unenforceable.

## II.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys "R" Us,

---

[1] Defendants dispute that there were defects in the transfer of the Note and Mortgage to the Trust.  However, as set forth below, Plaintiffs cannot prevail even if they successfully demonstrate that the transfer of the Note to the Trust took place without a proper assignment and/or without a contemporaneous transfer of the Mortgage.  Thus, for the purposes of this motion, the Court will assume that Plaintiffs accurately characterize the circumstances surrounding the transfer and assignment.  Scott v. Harris, 550 U.S. 372, 380 (2007) (In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.).

Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott, 550 U.S. at 380; Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010).  However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."  Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

### III.

Plaintiffs bring two interrelated claims premised on their assertion that the Mortgage is unenforceable.  First, Plaintiffs seek a declaratory judgment that the Mortgage is unenforceable.  Second, based on the alleged unenforceability of the Mortgage, Plaintiffs seek to quiet title to the Property by removing the Note and Mortgage as clouds on their title.  "A claim for quiet title in Florida 'must not only show title in the plaintiff to the lands in controversy, but also that a cloud exists, before relief can be given against it.'"  Lane v. Guar. Bank, 552 F. App'x 934, 936 (11th Cir. 2014) (quoting Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953)).  Defendants do not contest that Plaintiffs have title to the Property.  Thus, to prevail, Plaintiffs must demonstrate that the mortgage in unenforceable and, consequently, a cloud on Plaintiffs' title to the Property.

Plaintiffs assert two bases for their contention that the Mortgage is unenforceable.  First, Plaintiffs allege that Quicken failed to properly record an assignment of the Note to the Trust when the Note was securitized.  Second, Plaintiffs allege that Quicken did not transfer the Mortgage to the Trust along with the Note.  Defendants argue that they are entitled to summary judgment because, as a matter of law, the Mortgage remains enforceable even if the transfer of the Note to the Trust took place without a

proper assignment and/or without a contemporaneous transfer of the Mortgage.   The Court agrees with Defendants.

Plaintiffs contend that when Quicken assigned (or attempted to assign) the Note to the Trust it did not contemporaneously assign the Mortgage, thereby "splitting" the Note from the Mortgage and rendering the Mortgage void.   However, Plaintiffs provide no legal support for their theory that assigning a note without contemporaneously assigning the mortgage irrevocably "splits" the instruments and voids the mortgage.   To the contrary, Florida law is clear that an assignment of a note automatically transfers the underlying mortgage unless the parties specify otherwise.   Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1118 (Fla. 2d DCA 2011) ("[Assignee] also became the equitable owner of the mortgage when [Assignor] endorsed the note to [Assignee] because the ownership of the mortgage followed the note.")   Thus, Plaintiffs cannot prevail on their "split the note" theory because, under Florida law, the Mortgage was automatically transferred to the Trust at the same time as the Note.   In other words, even taking as true Plaintiffs' characterization of the securitization process, Florida law is clear that the Note and Mortgage did not split.   Moreover, even if the Note and Mortgage somehow did split when the Mortgage was securitized, "the separation of the Note and Mortgage does not make the Mortgage (or the Note) voidable." Howell v. PHH Mortgage Corp., No. 15-CV-883, 2015 WL 5829673, at

*4 (M.D. Fla. Oct. 1, 2015) (collecting cases and dismissing quiet title action); see also Altier v. Fed. Nat. Mortgage Ass'n, No. 13-CV-164, 2013 WL 6388521, at *5 (N.D. Fla. Dec. 6, 2013) (same).

Plaintiffs also allege that Quicken did not properly assign the Note to the Trust and/or failed to record the assignment. However, Florida law is clear that "an improper and/or unrecorded assignment does *not* disturb the validity of the underlying mortgage." Mahan v. Suntrust Mortgage, Inc., No. 14-CV-109, 2015 WL 3605105, at *5 (M.D. Fla. June 8, 2015); see also In re Halabi, 184 F.3d 1335, 1338 (11th Cir. 1999) ("a failure to record any subsequent assignment [does not] afford the mortgagor . . . an opportunity to avoid the mortgage"); Altier, 2013 WL 6388521, at *4 ("Because the Mortgage would not be voided by an assignment of the Mortgage only, the Mortgage does not create a cloud on title . . . ."); Roder v. RH Funding Co., No. 12-CV-1076, 2012 WL 6799690, at *4 (M.D. Fla. Dec. 10, 2012) ("any defect in the chain of title on the mortgage (whether occurring before or during the securitization process) does not undermine the mortgage itself") report and recommendation approved, 2013 WL 75278 (M.D. Fla. Jan. 7, 2013). Thus, even if Quicken improperly assigned the Note or failed to record the assignment, the Mortgage would remain enforceable.

In sum, Florida law is clear that neither "splitting" the Note from the Mortgage nor an improper and/or unrecorded assignment

of the Note renders Plaintiffs' Mortgage unenforceable. Absent a finding that the Mortgage is unenforceable, the Mortgage is not a cloud on Plaintiffs' title and Plaintiffs are not entitled to a declaratory judgment. Therefore, Defendants' motion for summary judgment must be granted.

Concerning Defendants' motion for sanctions, Rule 11 of the Federal Rules of Civil Procedure provides that any party (including those proceeding *pro se*) submitting a pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). If a party violates Rule 11, "the court may impose an appropriate sanction." Id. at 11(c)(1).

Defendants contend that Plaintiffs are subject to Rule 11 sanctions because their legal arguments are frivolous and unsupported by existing law. While the Court agrees with Defendants that Plaintiffs' theories of recovery are foreclosed as a matter of law, the Court does not agree that Plaintiffs have violated Rule 11. In their response to Defendants' motion, Plaintiffs state that they advanced their claims with a good faith belief that Florida law entitled them to the relief they sought

(Doc. #32, ¶ 17), and Defendants have provided no evidence to the contrary.  Moreover, as Defendants note, Plaintiffs have continued to make timely mortgage payments during the course of this action. (Doc. #40, p. 3.)  This suggests that Plaintiffs did not bring this action as a delay tactic or for some other impermissible purpose.  Defendants' motion for sanctions will be denied.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion for Sanctions (Doc. #34) is **DENIED**.

2.   Defendants' Motion for Summary Judgment (Doc. #35) is **GRANTED,** judgment is entered in favor of Defendants, and Plaintiff shall take nothing.

3.   The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of January, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record