UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GENE A RINDERKNECHT, As Co-Trustees of the Rinderknecht Living Trust and SANDRA KAY RINDERKNECHT, As Co-Trustees of the Rinderknecht Living Trust,

    Plaintiffs,

v.                                    Case No: 2:15-cv-19-FtM-29MRM

QUICKEN LOANS, INC., GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration/Motion to Vacate Order Granting Summary Judgment in Favor of Defendants (Doc. #43) filed on January 19, 2016. Defendants filed a Response in Opposition (Doc. #44) on February 4, 2016. After due consideration, and for the reasons set forth below, Plaintiffs' Motion is denied.

**I.**

On April 21, 2015, Gene A. Rinderknecht and Sandra Kay Rinderknecht (Plaintiffs), proceeding *pro se*, filed an Amended Complaint (Doc. #14) against Quicken Loans, Inc. (Quicken), the Government National Mortgage Association (Ginnie Mae), and

Mortgage Electronic Registration Systems, Inc. (MERS) (collectively, Defendants) seeking a declaration that their mortgage (the Mortgage) is unenforceable because Defendants have no lawful interest in the property listed in the Mortgage (the Property), of which Plaintiffs are the current owners, and to quiet title to the Property. In support of their claim that the Mortgage is void, Plaintiffs advanced the interrelated arguments of (i) Quicken's failure to properly record an assignment of the Mortgage and of a $263,907.000 note (the Note), which Plaintiffs originally executed with Quicken, and (ii) a subsequent "separation" of the Note from the Mortgage. (Doc. #41 p. 2.)

Defendants filed a Motion for Summary Judgment (Doc. #35) on December 1, 2015, which the Court granted on January 7, 2016. The Opinion and Order (Doc. #41) concluded that, even if Quicken had both failed to properly record an assignment of the Note and Mortgage and allowed the Note to become "separated" from the Mortgage, the Mortgage, and its terms, remain enforceable under Florida law. (Id. pp. 5-6.) The Court further held that, because the Mortgage is still valid, there is no cloud on Defendants' title to quiet. (Id. p. 8.)

Plaintiffs now seek reconsideration of the grant of summary judgment pursuant to the "catch-all" provision of Rule 60(b)(6), which allows a party to seek reconsideration of a Court's order

for "any . . . reason that justifies relief."[1]  Fed. R. Civ. P. 60(b)(6).  Construing Plaintiffs' *pro se* Motion for Reconsideration liberally, as the Court must,[2] the Court discerns four bases for Plaintiffs' contention that reconsideration is warranted: 1) summary judgment was premature because "genuine issues of material fact" remain, upon which Plaintiffs should be permitted to take discovery; 2) summary judgment should not have been granted because Defendants have unresolved affirmative defenses;  3) a grant of summary judgment was improper because Defendants cannot prove they provided Plaintiffs with a "notice of default," as required by the Mortgage; and 4) before granting summary judgment in Defendants' favor, the Court was required "to provide the parties with a declaration of their respective rights under the contracts," including a declaration as to "the validity of the mortgage, the interpretation of the applicable statutes, and the chain and cloud of title."  (Doc. #43, ¶¶ 19, 20, 22, 26.)

## II.

Reconsideration of a court's previous order is an extraordinary remedy, and reconsideration is a power to be "used sparingly."  United States ex rel. Mastej v. Health Mgmt. Assocs.,

---

[1] Naturally, Plaintiffs do not seek reconsideration of the portion of the Opinion and Order denying Defendants' Motion for Sanctions (Doc. #34).

[2] United States v. Hung Thien Ly, 646 F.3d 1307, 1316 (11th Cir. 2011).

Inc., 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). In particular, motions filed under Rule 60(b)(6)'s "catch-all" provision "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Galbert v. W. Caribbean Airways, 715 F.3d 1290, 1294 (11th Cir. 2013) (citation omitted). The movant has the burden of showing such extraordinary circumstances. Mastej, 869 F. Supp. 2d at 1348.

A motion for reconsideration does not provide an opportunity to argue for the first time a new issue that could have been raised previously, or to argue more vociferously an issue the Court has previously decided. Id. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). When the Court has carefully considered the relevant issues and rendered its decision, "the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Mastej, 869 F. Supp. 2d at 1348 (citations omitted). Accordingly, a motion to reconsider should set forth material facts previously unknown to the party seeking reconsideration or direct the Court's attention to "law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." Id. (citations omitted).

**III.**

Plaintiffs first contend that summary judgment was premature because genuine issues of material fact remain, upon which Plaintiffs should be allowed to take discovery. Plaintiffs do not state what material facts they expect discovery to reveal or indicate why these facts constitute "extraordinary circumstances" warranting reconsideration of the grant of summary judgment.

Pursuant to the Case Management Order (Doc. #33), the discovery deadline in this case was March 1, 2016, approximately seven weeks after the Court granted Defendants' Motion for Summary Judgment. Although courts generally refrain from granting summary judgment "until the party opposing the motion has had an adequate opportunity to conduct discovery," the Eleventh Circuit Court of Appeals has rejected adopting a "blanket prohibition on the granting of summary judgment motions before discovery" has occurred or concluded. E.g., Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989). Indeed, no federal "rule requires that a party wait until discovery has taken place" before moving for summary judgment. Id. Instead, where the party opposing summary judgment believes that additional discovery is important, it must inform the court of the **specific outstanding discovery needed**. Id. at 844. The party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts"; rather, the party must "specifically

- 5 -

demonstrate" how additional discovery will "enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." Id. at 843.

Plaintiffs did not do this. Their Response opposing Defendants' Motion for Summary Judgment did assert, in vague fashion, that "there are genuine issues of material fact," which "Plaintiffs should be allowed to investigate" through discovery, (Doc. #37, ¶ 29), and claimed further that, "[t]hrough no fault of the Plaintiffs, discovery has not been conducted or completed." (Id. ¶ 27.) However, Plaintiffs never served Defendants with any interrogatories or discovery requests, and the Response in Opposition did not identify a single fact – material or otherwise – that Plaintiffs expected to uncover in discovery. Moreover, in finding that a grant of summary judgment for Defendants was proper, this Court determined that Plaintiffs' claims failed as a matter of law, that is to say, there was no genuine issue as to any material fact because *no* fact would change the legal conclusion that, even if the Note and Mortgage were "separated," and even if an assignment of the Mortgage and Note was not recorded, the Mortgage remains enforceable under Florida law, and there is no cloud on Plaintiffs' title. (Doc. #41, pp. 7-8.)

The Motion for Reconsideration similarly fails to identify the specific material facts Plaintiffs anticipate discovering. More importantly, no amount of discovery will alter the fact that

Plaintiffs' "split the note" and "improper assignment" mortgage-voiding theories are invalid under Florida law.[3] That the Court granted summary judgment of Plaintiffs' claims prior to the discovery deadline does not, therefore, constitute "extraordinary circumstances" supporting reconsideration of that decision.

Plaintiffs next seek reconsideration on the basis that summary judgment should not have been granted before Defendants' affirmative defenses had been stricken or resolved. In support of this contention, Plaintiffs cite Alejandre v. Deutsche Bank Trust Co., 44 So.3d 1288 (Fla. 4th DCA 2010). Alejandre observes that, where a defendant has raised affirmative defenses and there are "issues of fact raised by the affirmative defenses which have not been effectively factually challenged and refuted," a *plaintiff's* motion for summary judgment of the plaintiff's own claims should not be granted. 44 So.3d at 1289 (citation omitted). In other words, a plaintiff should not be able to win his case on summary judgment without the court first addressing the merits of a defendant's affirmative defenses. Alejandre is inapplicable here, because it was Defendants who moved for, and were awarded, summary judgment. Because Plaintiffs cannot use the existence of Defendants' affirmative defenses as a shield to prevent dismissal

---

[3] See (Doc. #41, pp. 6-8); see also *infra*, pp. 9-12.

of Plaintiffs' own legally-insufficient claims for relief, reconsideration is not warranted on this ground.

Plaintiffs' third argument in support of reconsideration is that that "numerous" Florida cases have held that summary judgment is inappropriate where a material issue of fact remains as to whether a mortgagor was provided with notice in the event of a default, and Defendants cannot prove they provided Plaintiffs with the "notice of default" allegedly required by paragraph 13 of the Mortgage. (Doc. #43, ¶ 22.) Initially, neither paragraph 13 nor any other paragraph of the Mortgage requires Defendants to provide Plaintiffs with notice in the event of default; rather, the Mortgage affords Plaintiffs only "a right to be reinstated" after default, even if foreclosure proceedings have already commenced. (Doc. #35-1, p. 14.)

Moreover, a failure-to-provide-notice argument is appropriately raised in conjunction with a claim for wrongful foreclosure. See Carter v. HSBC Mortg. Servs., Inc., 622 F. App'x 783, 787 (11th Cir. 2015). Absent from Plaintiffs' Amended Complaint, Response in Opposition to Defendants' Summary Judgment Motion, and Motion for Reconsideration is any contention that Defendants commenced foreclosure proceedings without first providing a notice of default. In fact, far from being in default, Plaintiffs have ostensibly continued making timely mortgage payments. (See Doc. #44, p. 5.) The Court is aware of no legal

support for the proposition that the failure to provide a requisite "notice of default" renders a mortgage unenforceable, which is the declaratory relief Plaintiffs seek in this case.  Accordingly, any potential failure by Defendants to notify Plaintiffs of a default is irrelevant to Plaintiffs' legal claims and is not grounds for the Court to reverse its grant of summary judgment.

Finally, Plaintiffs assert that, before the Court could grant summary judgment in Defendants' favor, it was required "to provide the parties with a declaration of their respective rights under the contracts" – presumably the Note and the Mortgage.  (Doc. #43, ¶ 26.)  What Plaintiffs seemingly fail to understand is that the Order and Opinion granting Defendants' Motion for Summary Judgment and dismissing Plaintiffs' claims did just that: declared the parties' rights.  It just was not the declaration of mortgage invalidity and clouded title that Plaintiffs sought.

Plaintiffs' Motion to Reconsider does not cite any case law undermining the Court's declaration that the Mortgage is still valid and there is no cloud on Plaintiffs' title.  Nor do the Florida statutory sections cited in the Amended Complaint support the notion that either the "separation" of a mortgage from a note or a failure to record an assignment of a note and mortgage void the mortgage.  As one court has explained:

> Although under Florida law, the assignment of a security agreement without pledge or assignment of the underlying note creates no rights for the assignee or pledgee, this only means that the holder of the mortgage has no right to enforce the mortgage, if the holder does not also hold the promissory note. **This does not mean — as Plaintiffs say - that a mortgage is invalid, resulting in clear title to the homeowner, merely as a result of assigning it without the assignment of the note to the same entity.** Thus, even assuming only the Mortgage was assigned, without a corresponding assignment of the Note, this would only [a]ffect the ability of the holder of the Mortgage to foreclose **but would not [a]ffect the validity of the Mortgage**.

<u>Altier v. Fed. Nat'l Mortg. Ass'n</u>, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *4 (N.D. Fla. Dec. 6, 2013) (emphases added) (citations omitted); <u>see also</u> <u>Mahan v. Suntrust Mortg., Inc.</u>, No. 5:14-CV-109-OC-10PRL, 2015 WL 3605105, at *5 (M.D. Fla. June 8, 2015) (rejecting claim that Fla. Stat. §§ 673.2031 and 677.501 "provide[] that a mortgage can be declared null and void based on a failure to record an assignment or transfer").

As discussed in the Order and Opinion granting summary judgment, under Florida law, "[w]hen a note secured by a mortgage is assigned, the mortgage follows the note into the hands of the assignee." <u>Margiewicz v. Terco Props. of Miami Beach, Inc.</u>, 441 So. 2d 1124, 1125 (Fla. 3d DCA 1983); <u>see also</u> <u>Taylor v. Bayview Loan Servicing, LLC</u>, 74 So. 3d 1115, 1117-18 (Fla. 2d DCA 2011) (holding that assignment of note presumptively also assigns mortgage, barring evidence that parties agreed to the contrary).

Plaintiffs' "split the note" theory is, therefore, not legally supported. Case law similarly forecloses Plaintiffs' argument that, under Florida law, "a failure to record any subsequent assignment afford[s] the mortgagor . . . an opportunity to avoid the mortgage."[4] In re Halabi, 184 F.3d 1335, 1338 (11th Cir. 1999) (citation omitted). In any case, "Plaintiffs do not have standing to raise a challenge to the validity of the assignment[,] because Plaintiffs were not parties to those transfers." Howell v. PHH Mortg. Corp., No. 6:15-CV-883-ORL-TBS, 2015 WL 5829673, at *3 (M.D. Fla. Oct. 1, 2015) (collecting cases), reconsideration denied, No. 6:15-CV-883-ORL-TBS, 2015 WL 6750809 (M.D. Fla. Nov. 5, 2015).

In sum, Plaintiffs' theories for why the Mortgage is void are – as before - legally unsustainable, and reconsideration of this Court's declaration that there is no cloud on Plaintiffs' title to quiet is not warranted. See Barrows v. Bank of Am., NA, No. 8:14-CV-2121-T-33, 2014 WL 7337429, at *3 (M.D. Fla. Dec. 23, 2014) (observing that where plaintiffs "have failed to state a cognizable

---

[4] Indeed, Fla. Stat. § 695.01 ("Conveyances and liens to be recorded") "applies only to conveyances of real property," and a mortgage assignment is "not a conveyance of real property." Fid. Land Trust Co., LLC v. Mortg. Elec. Registration Sys., Inc., No. 6:12-CV-1367-ORL-37, 2012 WL 6720994, at *4 (M.D. Fla. Dec. 4, 2012), report and recommendation adopted, No. 6:12-CV-1367-ORL-37, 2012 WL 6720992 (M.D. Fla. Dec. 27, 2012); see also Garrett v. Fernauld, 57 So. 671, 672 (Fla. 1912) (finding Florida recording statute inapplicable to mortgage assignments because "[a]n assignment of a mortgage lien is not 'a conveyance' or a 'transfer' of 'any interest' in land covered by the mortgage").

cause of action for quiet title . . . [they also] have failed to state a cause of action for declaratory judgment."); see also Lane v. Guar. Bank, 552 F. App'x 934, 936 (11th Cir. 2014) ("A claim for quiet title in Florida must . . . [show] that a cloud exists, before relief can be given against it." (quoting Stark v. Frayer, 67 So.2d 237, 239 (Fla. 1953))).

To conclude, none of the arguments raised in Plaintiffs' Motion for Reconsideration reveal "extraordinary circumstances" warranting reconsideration of this Court's grant of Defendants' Motion for Summary Judgment.  Plaintiffs' Motion is, therefore, denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion for Reconsideration/Motion to Vacate Order Granting Summary Judgment in Favor of Defendants (Doc. #43) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 1st day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record